

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEPHEN EDWARDS, | § | |
| a.k.a. Stephen Anthoney Edwards, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0187 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

On September 11, 2007,[1] petitioner STEPHEN EDWARDS filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody, wherein he challenges his state court conviction and sentence. On September 13, 2007, the undersigned issued a Report and Recommendation to dismiss petitioner's habeas application as time barred. On September 24, 2007, petitioner objected, arguing he was misinformed by trial counsel regarding the applicable filing dates and statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). On September 26, 2007, the undersigned issued an Order withdrawing the Report and Recommendation. Thereafter, the undersigned ordered respondent to file an answer in this

---

[1] Petitioner failed to attest when his application was placed in the prison mailing system, thus depriving himself of an earlier filing date pursuant to *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court). However, the instant federal habeas petition was filed with this Court on September 11, 2007 and assuming he placed it in the prison mailing system a week prior, the instant petition is still time barred.

case, which he filed on November 5, 2007. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application is time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and should be DISMISSED.

I.
PROCEDURAL HISTORY

Petitioner avers he was convicted on September 10, 2004, of the offense of possession of a controlled substance with intent to deliver out of the 195th Judicial District Court of Dallas County, Texas, for which he received a sentence of thirty (30) years imprisonment. Petitioner directly appealed his conviction and sentence to the Court of Appeals for the Fifth District of Texas. The conviction was affirmed in an unpublished opinion dated October 28, 2005. *Edwards v. State*, No. 05-04-01382-CR. Petitioner did not file a petition for discretionary review.

On May 31, 2006,[2] petitioner filed a state application for a writ of habeas corpus challenging his September 10, 2004 conviction. On September 20, 2006, his state habeas application was denied without written order based on the trial court findings.[3] *See Ex parte Edwards*, App. No. 65,317-01. The instant application was received by this Court and filed of record on September 11, 2007.

II.
STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

A 1-year period of limitation shall apply to an application for a writ of habeas

---

[2]In his application, petitioner avers he filed his state habeas petition on July 21, 2006. However, the state habeas records indicate petitioner's application was filed in the state district court on May 31, 2006. The application was received by the Texas Court of Criminal Appeals on July 21, 2006. Therefore, for purposes of tolling the statute of limitations, the Court deems petitioner's state habeas application filed on May 31, 2006.

[3]The trial court rendered its findings without a hearing.

> corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In the instant case, petitioner was convicted September 10, 2004, and petitioner's conviction was affirmed on direct appeal on October 28, 2005. Petitioner did not file a petition for discretionary review; therefore, petitioner's conviction became final on November 28, 2005, after expiration of the thirty-day time period allowed under Texas law for filing a petition for

discretionary review. *See* Tex. R. App. P. 68.2(a) (2005). Consequently, any federal habeas application was due on or before November 28, 2006. This time period, however, was tolled for the period of time during which petitioner's properly filed application for State post-conviction relief was pending, *i.e.*, from May 31, 2006 to September 20, 2006. Consequently, petitioner's federal habeas application was due on or before March 21, 2007.[4] Petitioner, however, failed to file the instant federal habeas application until September 11, 2007. Consequently, petitioner's federal habeas application is time barred by almost six months.

In his objections to the September 24, 2007 Report and Recommendation, petitioner alleged his appellate counsel misinformed him as to when the federal statute of limitations began to run, *i.e.*, counsel told petitioner that petitioner would have until one year after the denial of his state habeas application to file his federal habeas application. Thus, petitioner argues, he should be entitled to equitable tolling because he relied on his attorney's representation of the statute of limitations.

Equitable tolling is only available in "rare and exceptional circumstances." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "[The doctrine] applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999). An attorney's mistaken advice to a client regarding the statute of limitations, as opposed to an intentional deceit, does not constitute a rare and exceptional circumstance that would entitle a petitioner to equitable tolling. *Riggs*, 314 F.3d at 799. Petitioner has not alleged the State actively misled him or prevented him from asserting his rights, nor has he shown his appellate counsel intentionally deceived him regarding the AEDPA statute of limitations. At most, the letter petitioner included as an exhibit to his objections shows

---

[4]Petitioner's state application tolled the federal statute of limitations for 113 days. Thus, by adding 113 days to the original deadline of November 28, 2006, the deadline became March 21, 2007.

petitioner's appellate attorney provided erroneous advice regarding the federal statute of limitations. Because there is no right to counsel after direct appeal, "[i]neffective assistance of counsel is irrelevant to the tolling decision. Likewise, a petitioner's own ignorance or mistake does not warrant equitable tolling, and it would be rather peculiar to treat a trained attorney's error more leniently than we treat a *pro se* litigant's error." *Id.* (citing *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)). Consequently, petitioner is not entitled to equitable tolling, even though his appellate counsel misadvised him as to the AEDPA statute of limitations.

Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner STEPHEN EDWARDS be DISMISSED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of August 2008.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).